UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
CHASSITY WADE,                                                              No. 23-cv-01623

                        Plaintiff,

  -against-
                                                             **COMPLAINT**

TOWN OF FISHKILL and JOSEPH DIPALMA,
                                                                **JURY TRIAL**
                      Defendants.                           **DEMANDED**
----------------------------------------------------------------------x

By and through her undersigned counsel, plaintiff CHASSITY WADE, as and for her Complaint against defendants TOWN OF FISHKILL and JOSEPH DIPALMA, hereby alleges as follows:

## NATURE OF THE ACTION

1. On February 27, 2022, plaintiff's close friend, Michael Becerril, was in a mental health crisis and began stabbing himself in the head and face with a knife. As plaintiff followed him out of her apartment to try to stop him from continued self-harm, two Town of Fishkill police officers, including defendant DiPalma, both of whom happened to be at plaintiff's apartment complex responding to an unrelated matter, encountered them.

2. By the time the first officer, Hurtado, reached them, Becerril had dropped the knife, and, otherwise unarmed, did not pose an imminent threat of death or serious physical harm to plaintiff, the police officers or anyone else. Hurtado pulled plaintiff away from Becerril and to the ground and then tased Becerril.

3. Becerril then arose and tried to continue walking down the hill away from the apartment complex and toward the intersecting roadway. As he did so, Hurtado, who had fallen to the ground next to plaintiff, tripped Becerril, who began to fall.

4. As Becerril fell to the ground, defendant DiPalma, who was running up the hill toward them, began shooting indiscriminately in the direction of the falling Becerril and plaintiff, who was still on the ground. DiPalma continued firing in the same direction as Becerril got back up and proceeded down the hill.

5. In discharging his firearm, DiPalma not only hit Becerril, but also shot plaintiff in the thigh, causing her severe physical pain and suffering and emotional distress.

6. Plaintiff now brings this action against DiPalma and his employer, the Town of Fishkill, to seek redress for the injuries they caused her to suffer.

**PARTIES**

7. Plaintiff CHASSITY WADE is a female of legal age who resides in the County of Dutchess, State of New York, which is within this judicial district.

8. The defendant TOWN OF FISHKILL (hereinafter the "Town") is a municipal corporation organized and existing pursuant to the laws of the State of New York and has its principal offices located at 807 Route 52, Fishkill, New York 12524. The defendant Town operates a municipal police department, commonly referred to as the Town of Fishkill Police Department, which has its principal offices located at 801 Route 52, Fishkill, New York.

9. Defendant JOSEPH DIPALMA is a male of legal age who, at all relevant times, was employed as a police officer for the Town of Fishkill Police Department and acting under color of state law and within the scope of that employment.

**JURISDICTION AND VENUE**

10. As plaintiff asserts a claim under 42 U.S.C. § 1983 alleging a violation of her rights under the Fourteenth Amendment to the U.S. Constitution, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983 and 1988.

11. Plaintiff's state law claims arise from the same operative facts as, and are so related to, her federal claims, making them part of the same case and controversy as her federal claims and conferring this Court with supplemental subject matter jurisdiction over them under 28 U.S.C. § 1367.

12. As defendant Town is located in the County of Dutchess, and as the acts and omissions giving rise to plaintiff's claims occurred in the County of Dutchess, which is within this judicial district, venue in this Honorable Court is appropriate pursuant to 28 U.S.C. § 1291.

## COMPLIANCE WITH CONDITIONS PRECEDENT

13. On May 27, 2022, plaintiff served a Notice of Claim upon the defendant Town of Fishkill.

14. On January 17, 2023, plaintiff submitted to and completed an examination under Section 50-h of the New York General Municipal, conducted by counsel for the defendant Town of Fishkill.

15. More than thirty (30) days have elapsed since plaintiff served her Notice of Claim, and the defendant Town has failed or neglected to adjust her claim.

## FACTUAL ALLEGATIONS

16. During the afternoon of February 27, 2022, claimant was at her residence in the Views at Rocky Glen apartment complex in Beacon, New York with her close friend, Michael Becerril.

17. That same afternoon, officers from the Town of Fishkill Police Department responded to a call at the same apartment complex involving a dispute between another resident and her son.

18. At about 2:30 pm, while in plaintiff's kitchen, Becerril became mentally distressed, grabbed a knife, and began stabbing himself in and around his face, head and neck.

19. At no point in time did Becerril ever threaten to harm plaintiff or brandish the knife at or toward her.

20. As he was stabbing himself, Becerril ran out of plaintiff's apartment.

21. Plaintiff followed Becerril to try to calm him down and stop him from hurting himself.

22. As she pursued him down Rocky Glen Road, which leads down a hill toward Route 52, plaintiff screamed for help and grabbed Becerril's clothing to try to slow him down.

23. Two of the Town of Fishkill police officers, Jonathan Hurtado and defendant Joseph DiPalma, were at the bottom of Rocky Glen Road at a bus stop speaking with the unrelated subject for whom they had initially been called.

24. As plaintiff pulled on Becerril to stop him, the two briefly fell, and Becerril dropped the knife near the curb at the base of a light post.

25. By the time plaintiff and Becerril got back up, Hurtado had run up the hill and, when he reached plaintiff and Becerril, pulled plaintiff away from Becerril, causing plaintiff to go down to the ground.

26. At this point, Becerril no longer had the knife, was otherwise unarmed, and did not pose an imminent threat of death or serious physical injury to plaintiff, the officers or anyone else, and both Hurtado and DiPalma knew this.

27. DiPalma then tased Becerril, who fell to the ground.

28. As Becerril was getting back up, Hurtado tripped over plaintiff, who was still on the ground, causing Hurtado to fall.

29. Still unarmed, Becerril then continued down the hill toward Route 52.

30. Still on the ground next to plaintiff, Hurtado tripped Becerril, who started to fall again.

31. As Becerril was falling, defendant DiPalma, who was coming up the hill from the direction of Route 52 and was about 8-10 feet away, began firing his police department-issued Glock handgun in rapid succession in the direction of Becerril, plaintiff and Hurtado.

32. Defendant DiPalma continued firing in the same direction as Becerril got back up and continued down the hill toward Route 52.

33. When defendant DiPalma fired, he knew Becerril was unarmed and was not physically threatening plaintiff or any other person.

34. When defendant DiPalma fired, he knew Becerril did not pose an imminent threat of death or serious physical injury to any other person on the scene.

35. When defendant DiPalma fired, he did not assess the relative proximity of plaintiff to Becerril or otherwise take precaution to avoid shooting plaintiff, thus exhibiting deliberate indifference to and reckless disregard of her safety.

36. When he discharged his gun, in addition to striking Becerril, one of DiPalma's bullets struck plaintiff in her right leg, entering the side of her thigh just above her knee and exiting the left side of her thigh just below her pelvis.

37. Defendant DiPalma's shot caused plaintiff excruciating and lasting physical pain and suffering and required her to undergo emergency medical treatment.

38. Defendant DiPalma's shot rendered plaintiff wheelchair bound for about a month, after which she continued to have limited ability to ambulate.

39. Plaintiff still has shrapnel in her body from the bullet, which may yet need to be surgically removed.

40. As a direct and proximate result of defendants' conduct, plaintiff has suffered, and continues to suffer, severe emotional distress and mental anguish, including, without limitation, fear and anxiety.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of Substantive Due Process
### 42 U.S.C. § 1983; U.S. Const., amend XIV, § 1
### (against defendant DiPalma)

41. Plaintiff re-alleges and incorporates herein by reference each of the allegations set forth in Paragraphs "1" through "40" above.

42. By dint of the facts alleged herein, and, in particular, by intentionally firing his gun indiscriminately in plaintiff's direction without having a legitimate basis to do so, defendant DiPalma acted recklessly and with deliberate indifference to plaintiff's safety, and his use of force was objectively unreasonable under all of the surrounding circumstances of which he was aware.

43. In so acting, DiPalma shot plaintiff, thereby depriving her of her liberty interest in being free from unnecessary, arbitrary, and excessive governmental force.

44. In so acting, DiPalma was acting in his capacity as a police officer for the Town of Fishkill and within the scope of that employment and, thus, was acting under color state law.

45. As a result, plaintiff suffered substantial physical pain and suffering and severe emotional distress.

## COUNT II
### Violation of Substantive Due Process
### 42 U.S.C. § 1983; U.S. Const., amend XIV, § 1
### (against defendant Town of Fishkill under *Monell*)

46. Plaintiff re-alleges and incorporates herein by reference each of the allegations set forth in Paragraphs "1" through "40" above.

47. Upon information and belief, instances of mental health crises, suicide and self-harm occur frequently in society, including in the County of Dutchess and Town of Fishkill.

48. Upon information and belief, incidents in which individuals in society are in mental health crisis or exhibit self-injurious behaviors present as emergency situations to which first responders, including police officers, are often called to respond.

49. As such, Town of Fishkill policymakers are aware that, in the course of performing their law enforcement duties, the Town's police officers will likely be called to or otherwise confront situations involving individuals in mental distress, mental health crisis or who are engaging in self-injurious behavior.

50. Given that such situations can be intense and rapidly evolving, they present police officers with difficult choices of the sort that training and/or supervision are likely to make less difficult.

51. As demonstrated by the outcome in this case, a wrong choice by a police officer confronted with an instance of mental health crisis or self-injurious behavior will often cause the deprivation of individuals' rights because, without proper training and supervision, officers confronted with such situations have access to, and likely will resort to the use of, deadly means of force.

52. Upon information and belief, the Town of Fishkill has failed adequately to train its police officers in how properly to respond to instances of mental health crises and/or self-injuries behavior.

53. This lack of training is evident from the manner in which defendant DiPalma approached the situation here, immediately drawing his firearm as he approached Becerril and plaintiff and shooting indiscriminately toward Becerril and plaintiff, who were in close proximity, even though Becerril was then unarmed and not threatening to harm any person.

54. This lack of training was a proximate cause of DiPalma's conduct, which violated plaintiff's substantive due process rights and resulted in her suffering substantial physical pain and suffering and severe emotional distress.

## COUNT III
### Battery
### (against both defendants)

55. Plaintiff re-alleges and incorporates herein by reference each of the allegations set forth in Paragraphs "1" through "40" above.

56. By dint of the facts alleged herein, and, in particular, by intentionally firing his gun indiscriminately in plaintiff's direction without having a legitimate basis to do so, defendant DiPalma intentionally and/or recklessly shot plaintiff, thereby committing a battery against her, and causing her substantial physical pain and suffering and severe emotional distress.

57. In doing so, defendant DiPalma was acting in the scope of his employment for the defendant Town of Fishkill and in perceived furtherance of his employer's interests, and so the Town is liable for his battery under the doctrine of *respondeat superior*.

## COUNT IV
### Negligence
### (against both defendants)

58. Plaintiff re-alleges and incorporates herein by reference each of the allegations set forth in Paragraphs "1" through "40" above.

59. When Hurtado and DiPalma ran toward plaintiff and Becerril and Hurtado pulled plaintiff away from Becerril, they undertook an affirmative obligation to protect plaintiff from foreseeable danger that might thereafter result from the manner in which they responded to the unfolding events.

60. By remaining on the ground, plaintiff relied upon these officers' affirmative undertaking to act reasonably and carefully under the circumstances.

61. By shooting indiscriminately in plaintiff's direction, defendant DiPalma breached this special duty of care and, as a direct and proximate result of this breach, he shot plaintiff, causing her substantial physical pain and suffering and severe emotional distress.

62. In doing so, defendant DiPalma was acting in the scope of his employment with the defendant Town of Fishkill and in perceived furtherance of his employer's interests, and so the Town is liable for his battery under the doctrine of *respondeat superior*.

### JURY DEMAND

63. Plaintiff hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays this Honorable Court:

A. Accept jurisdiction over this action;

B. Empanel a jury to hear all claims triable thereto;

C. Enter an order awarding to plaintiff compensatory damages for economic and non-economic damages;

D. Enter an order awarding to plaintiff punitive damages as against defendant DiPalma;

E. Enter an order awarding to plaintiff the costs and disbursements of prosecuting this action, including, without limitation, reasonable attorneys' fees; and

F. Enter an order awarding to plaintiff such additional relief as the Court deems just, proper and equitable under the circumstances.

Dated: Goshen, New York
February 27, 2023

Yours, etc.,

SUSSMAN & GOLDMAN
*Attorneys for Plaintiff*

By: _____
Jonathan R. Goldman, Esq. (JG8710)
1 Railroad Avenue, Suite 3
P.O. Box 1005
Goshen, New York 10924
(845) 294-3991 [Tel]
(845) 294-1623 [Fax]
jgoldman@sussman.law